IN THE CIRCUIT COURT LAFAYETTE COUNTY, MISSISSIPPI

KEVIN YANCY                                                    PLAINTIFF

VS.                                    CIVIL ACTION NO: 1-23-182

WALMART INC.
UNKNOWN DEFENDANTS A-Z                                         DEFENDANT

---

## COMPLAINT
## JURY TRIAL DEMANDED

---

COMES NOW, the Plaintiffs, Kevin Yancy, by and through the undersigned counsel, and would respectfully file the following Complaint against the Defendants, Walmart Inc. and Unknown Defendants A-Z, and in support thereof would state and show as follows, to-wit:

1.  That the Plaintiff, Kevin Yancy (hereafter "Plaintiff" or "Mr. Yancy"), is an adult resident citizen of Lafayette County, Mississippi who reside at 374 County Road 225, Oxford, Mississippi 38655-5856.

2.  That the Defendant, Walmart Inc. (hereafter "Defendant" or "Walmart"), with principal office address of 702 SW 8th Street, Bentonville, AR 72716, and with local store address of 2530 Jackson Avenue West, Oxford, MS 38655, is a corporation foreign to the State of Mississippi duly registered with the office of the Mississippi Secretary of State which may be served with process by and through its designated agent, CT Corporations Systems of Mississippi, whom may be served at 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

3.  Unknown Defendant(s) A, whether singular or plural, are those other persons, corporations, firms, or other entities who may be doing business at, or have an ownership interest in, the Hyper Tough brand of 60-lumen rechargeable flashlight/work light that is the subject of this

1

LAFAYETTE COUNTY
**FILED**

JUL 0 3 2023

JEFF BUSBY
CIRCUIT CLERK
BY _____ D.C.

complaint, whose wrongful conduct caused or contributed to cause the injuries and damages to Plaintiff, and/or who may be vicariously liable for the acts of any other Defendant(s) or non-party(s) whose wrongful conduct caused or contributed to cause the injuries and damages to Plaintiff. The true and correct name(s) of Unknown Defendant(s) A are unknown to Plaintiff at this time but will be substituted by amendment when ascertained.

4. Unknown Defendants (A-Z), whether singular or plural, are those other persons, corporations, firms, or other entities whose wrongful conduct in any way caused or contributed to the injuries and damages to Plaintiff, and/or are vicariously liable for the acts of any other Defendant(s) or non-party(s), and/or who may be called upon to indemnify any other Defendant(s) or non-party(s) for liability from these claims, all of whose true and correct names are unknown to Plaintiff at this time but will be substituted by amendment when ascertained. Unknown Defendants (A-Z), whether singular or plural, include any persons, corporations, firms, or other entities who were agents, employees, or contractors of any Defendant, whether such Defendant is known or unknown at this time, whose wrongful conduct in any way caused or contributed to the injuries and damages to Plaintiff. Unknown Defendants (A-Z) specifically include, but are not limited to, those other persons, corporations, firms, or other entities and their agents, employees, and/or contractors who:

    a.  Were doing business at, or have an ownership interest in the Walmart store located at 2530 Jackson Avenue West, Oxford, MS 38655, which sold the product that is the subject of this complaint to Plaintiff;

    b.  Designed the product, or any defective component used in the product, which is the subject of this complaint;

c.  Manufactured or supplied the product, or any defective component or materials used in the product, which is the subject of this complaint;

d.  Marketed the product, or any defective component or materials used in the product, which is the subject of this complaint;

e.  Drafted, produced, or approved the warning(s) and/or instruction(s) for the product which is the subject of this complaint;

f.  In any way contributed to and/or caused the breach of warranty of fitness of the product which is the subject of this complaint; and/or,

g.  Through their conduct in any way violated statutory law, regulations, principles of common law, or principles of equity which caused or contributed to the harm to Plaintiff.

## JURISDICTION AND VENUE

5.  That jurisdiction and venue are proper with this honorable Court as Defendant company availed itself to jurisdiction and venue when it sold the subject product to Plaintiff at its store in Lafayette County, Mississippi; Plaintiff is a resident citizen of Lafayette County, Mississippi; and, all events related the injury to Plaintiff occurred exclusively in Lafayette County, Mississippi.

6.  Plaintiff specifically excludes from this Complaint and waives any federal question of law and/or any federal subject matter jurisdiction pertaining to this matter.

## FACTUAL ALLEGATIONS

7.  In November 2019, Mr. Yancy bought a Hyper Tough brand 60-lumen rechargeable flashlight/work light ("subject flashlight" or "subject product") at the Walmart Store located in Oxford, Mississippi.

3

8. When purchasing the subject product, Mr. Yancy relied upon Walmart's corporate reputation and expertise for having the skill and/or judgment in selecting products for sale that he and other consumers could rely upon and trust to function safely, without unreasonable danger, and for the particular purpose, which for the subject product was for purposes of use as a rechargeable flashlight / work light.

9. Walmart, and other Defendant(s) by and through chain of commerce of the product marketed and sold through Walmart, entice customers to buy their goods and products, including the subject flashlight, by representing both explicitly and implicitly to customers such as Plaintiff that that product is fit for its intended purpose and does not pose an unreasonable danger to the buyer.

10. Walmart, and other Defendant(s) by and through chain of commerce of the product marketed and sold through Walmart, hold out to the public through their marketing and corporate brand(s) as having the diligence and expertise to select, design, manufacture, market, and sell products which are fit for the intended purpose and which do not pose an unreasonable danger to the buyer.

11. It is reasonable for customers, such as Plaintiff, to expect Walmart and the other Defendant(s) to exercise such diligence and expertise with respect to the products they market and sell.

12. It is likewise reasonable for customers, such as Plaintiff, to rely upon the representations made by Walmart, and other Defendant(s) by and through chain of commerce of the product marketed and sold through Walmart, as to their recommendation of product brands, the fitness of the products for the purpose sold, and that such products do not pose an unreasonable danger to the buyer.

4

13. Mr. Yancy relied upon the express and implied representations and warranties of Walmart, and other Defendant(s) through Walmart, that the subject product was fit for the particular purpose of use as a rechargeable flashlight / work light and did not present an unreasonable danger to him or others.

14. At all times during his ownership of the subject flashlight/work light, Mr. Yancy used the work light consistent with the product's normal, customary, and intended use as a flashlight/work light both as to use of the product for lighting purposes and as to recharging the product.

15. Mr. Yancy never made any modifications or alterations to the product.

16. On the morning of July 4, 2020, Mr. Yancy had the subject flashlight plugged into the lighter socket of his vehicle console to charge because he was going to a customer's house to do repairs that morning. Mr. Yancy worked as a handyman, or minor construction repairman, at that time. While Mr. Yancy was parked at a local convenience store so his wife could buy a cup of coffee, the subject flashlight which was charging on the center console of his vehicle suddenly and without warning caught fire and exploded burning battery acid onto Mr. Yancy's legs as he sat in the driver's seat. The burning battery acid from the exploding flashlight caused severe burns to both of Mr. Yancy's legs from just above his knees to just above his ankles. Mr. Yancy was airlifted from the convenience store in Oxford, Mississippi to a hospital in Memphis, Tennessee for emergency evaluation and treatment of the burns on his legs.

17. Upon information and belief, the "Hyper Tough" brand is a "Private Brand" developed exclusively for, and marketed exclusively by, Walmart Inc.[1]

---

[1] See, Walmart Inc. 2023 Annual Report, Form 10-K, p. 8. Available at: https://stock.walmart.com/financials/annual-reports/default.aspx

18. The precise legal relationship between the Hyper Tough brand and Walmart is unknown to Plaintiff at this time and such information is in the exclusive control and knowledge of Walmart; however, upon information and belief, Walmart has an ownership interest in the Hyper Tough brand and/or Walmart has exclusive rights to market the Hyper Tough brand.

19. The identity of the designer(s) and manufacturer(s) of the subject flashlight (Hyper Tough brand 60-lumen rechargeable flashlight/work light) are unknown to Plaintiff at this time and such information is in the exclusive control and knowledge of Walmart.

20. The identity of the designer(s), manufacturer(s) and supplier(s) of the component parts and raw materials used to manufacture the subject flashlight are unknown to Plaintiff at this time and such information is in the exclusive control and knowledge of Walmart.

21. At the time the subject product left the control of the Defendant manufacturer(s), designer(s) and/or seller(s):

    a. The subject product was defective because it deviated in a material way from the manufacturer's or designer's specifications or from otherwise identical units manufactured to the same manufacturing specifications; or,

    b. The subject product was defective because it failed to contain adequate warnings or instructions; or

    c. The subject product was designed in a defective manner; or

    d. The subject product breached an express warranty or failed to conform to other express factual representations upon which the claimant justifiably relied in electing to use the product.

22. The defective condition(s) rendered the subject product unreasonably dangerous to the user or consumer, including Plaintiff.

6

23. The defective and unreasonably dangerous condition(s) of the subject product proximately caused the damages for which recovery is sought. To wit, the design defect(s), manufacturing defect(s), marketing defect(s), warning defect(s), and/or breach of warranty of fitness of the subject product directly and proximately caused the subject product to catch fire and explode in Mr. Yancy's car on the morning of July 4, 2020, and directly and proximately caused the burn injuries to Mr. Yancy's legs at that time.

24. The harm for which Plaintiff seeks to recover compensatory damages was **not** caused by an inherent characteristic of the product which is a generic aspect of the product that cannot be eliminated without substantially compromising the product's usefulness or desirability and which is recognized by the ordinary person with the ordinary knowledge common to the community; instead, the harm to plaintiff was caused by the defective and unreasonably dangerous condition(s) of the subject product, which were not obvious or recognizable by the ordinary person with the ordinary knowledge common to the community, but which Defendant(s) had both the duty and the ability to eliminate without substantially compromising the product's usefulness or desirability.

25. Upon information and belief, Walmart exerted and maintained substantial influence over the design and manufacturing process for the subject flashlight (Hyper Tough brand 60-lumen rechargeable flashlight/work light) including:

    a. Walmart exercised substantial control over that aspect of the design, testing, manufacture, packaging or labeling of the product that caused the harm for which recovery of damages is sought;

    b. Walmart altered or modified the product, and the alteration or modification was a substantial factor in causing the harm for which recovery of damages is sought;

7

    c.  Walmart had actual knowledge of the defective condition of the product at the time it sold or supplied same; and/or,

    d.  Walmart made an express factual representation about the aspect of the product which caused the harm for which recovery of damages is sought,

such that Walmart was more than a mere conduit of the product and instead Walmart was an active tortfeasor in the negligent design defect(s), manufacturing defect(s), marketing defect(s), warning defect(s), and breach of warranty of fitness for the subject product.

26. At the time the subject product left the control of the Defendant(s) manufacturer(s), designer(s) or seller(s), the manufacturer(s), designer(s) or seller(s) knew or in light of reasonably available knowledge should have known about the danger that caused the damage for which recovery is sought and that the ordinary user or consumer would not realize its dangerous condition. Upon information and belief, Walmart and the other defendant(s) had corporate knowledge that the subject product posed an exceptional fire and explosion hazard to consumers prior to selling the subject product to Mr. Yancy in November 2019. Upon information and belief, Walmart and the other defendant(s) had corporate knowledge prior to November 2019 that the exceptional fire and explosion hazard posed to consumers by the subject product was the result of design defect(s), manufacturing defect(s), marketing defect(s), warning defect(s), and/or breach of warranty of fitness of the subject product but failed to take reasonable and prudent corrective action.

27. Walmart, and the other Defendant(s), therefore knew that the express and implied representations they made to consumers, including Plaintiff, about the fitness of the subject product for its intended purpose and the lack of danger the product posed to the consumer were false, that such information was material or significant to the purchasing decisions of a

consumer such as Plaintiff, that consumers would act upon those express and implied representations or omissions of warnings, and that consumers such as Plaintiff could be harmed as a result.

28. Walmart, and the other Defendant(s), nonetheless continued in agreement among themselves to manufacture, market, and sell the subject product knowing the subject product had design defect(s), manufacturing defect(s), marketing defect(s), warning defect(s), and/or breach of warranty which endangered consumers such as Plaintiff, while wrongfully and unlawfully misrepresenting the safety and fitness of the product to consumers such as Plaintiff

29. The warning(s) or instruction(s) provided with the subject product were **not** of the form and substance that a reasonably prudent person in the same or similar circumstances would have provided with respect to the danger and that communicates sufficient information on the dangers and safe use of the product, taking into account the characteristics of, and the ordinary knowledge common to an ordinary consumer who purchases the product.

30. At the time of the injury, Plaintiff did **not** (i) have knowledge of a condition of the product that was inconsistent with his safety; (ii) appreciate the danger in the condition; and (iii) deliberately and voluntarily choose to expose himself to the danger in such a manner to register assent on the continuance of the dangerous condition.

31. The danger posed by the subject product was **not** known or open and obvious to the user or consumer of the subject product and was **not** of a nature or type that the danger should have been known or open and obvious to the user or consumer of the product, taking into account the characteristics of, and the ordinary knowledge common to, the persons who ordinarily use or consume the product.

9

32. At the time the subject product left the control of the Defendant manufacturer(s), designer(s) or seller(s), the Defendant manufacturer(s), designer(s) or seller(s) knew, or in light of reasonably available knowledge or in the exercise of reasonable care should have known, about the danger that caused the damage for which recovery is sought by Plaintiff.

33. When Plaintiff was injured, the product failed to function as expected and there existed a feasible design alternative that would have to a reasonable probability prevented the harm. A feasible design alternative is a design that would have to a reasonable probability prevented the harm without impairing the utility, usefulness, practicality or desirability of the product to users or consumers.

34. Plaintiff asserts the actions as alleged above demonstrate that Defendants acted with actual malice or gross negligence, committed actual fraud, or showed willful, wanton, or reckless disregard for the safety of others such as to entitle Plaintiff to recover punitive damages from the Defendants in an amount to be determined at trial.

35. As a result of the severe burns to his legs, Mr. Yancy experienced severe pain and suffering and mental and emotional anguish and loss of enjoyment of life over an extended period. Mr. Yancy incurred reasonable and necessary bills for medical treatment of his injuries which he has been called upon to pay, as well as out-of-pocket expenses related to his treatment and recovery. Mr. Yancy was unable to work during his recovery from said injuries and suffered lost income during that time. Mr. Yancy suffered additional economic and noneconomic damages as a result of his injuries which will be set forth more fully at the trial of this matter.

36. Based upon the foregoing facts, Plaintiffs assert the following causes of action before this Honorable Court for claims arising under theories of strict liability in tort, negligence, and/or

10

breach of implied warranty, as well as available claims arising under common law theories of tort, negligence, contract, warranty, and/or equity:

**COUNT ONE:**
**PRODUCT LIABILITY – MANUFACTURING DEFECT**

37. The Plaintiff re-asserts and re-alleges each and every allegation contained in paragraphs 1-36 of this Complaint.

38. Plaintiff asserts product liability claim(s) of manufacturing defect against the Defendants pursuant to Mississippi Code Annotated §11-1-63, the Mississippi Products Liability Act (MPLA).

39. As alleged in the preceding paragraphs, the subject product was defective because it deviated in a material way from the manufacturer's or designer's specifications or from otherwise identical units manufactured to the same manufacturing specifications.

40. As alleged in the preceding paragraphs, the defective condition(s) rendered the subject product unreasonably dangerous to the user or consumer, including Plaintiff.

41. As alleged in the preceding paragraphs, the defective and unreasonably dangerous condition(s) of the subject product proximately caused the damages to Plaintiff for which recovery is sought.

42. As alleged in the preceding paragraphs, the Defendants do not meet the factual or legal prerequisites for any defense or immunity which would shield them from liability under the MPLA for Plaintiff's harm caused by the manufacturing defect.

43. Plaintiff is thus entitled to recovery of damages from Defendants under a theory of product liability manufacturing defect under the MPLA, and Plaintiff demands such recovery of damages in an amount to be determined by the trier of fact, a jury of his peers.

## COUNT TWO
### PRODUCT LIABILITY – DESIGN DEFECT

44. The Plaintiff re-asserts and re-alleges each and every allegation contained in paragraphs 1-36 of this Complaint.

45. Plaintiff asserts product liability claim(s) of design defect against the Defendants pursuant to Mississippi Code Annotated §11-1-63, the Mississippi Products Liability Act (MPLA).

46. As alleged in the preceding paragraphs, the subject product was defective because the subject product was designed in a defective manner.

47. As alleged in the preceding paragraphs, the defective condition(s) rendered the subject product unreasonably dangerous to the user or consumer, including Plaintiff.

48. As alleged in the preceding paragraphs, the defective and unreasonably dangerous condition(s) of the subject product proximately caused the damages to Plaintiff for which recovery is sought.

49. As alleged in the preceding paragraphs, the Defendants do not meet the factual or legal prerequisites for any defense or immunity which would shield them from liability under the MPLA for Plaintiff's harm caused by the design defect.

50. Plaintiff is thus entitled to recovery of damages from Defendants under a theory of product liability design defect under the MPLA, and Plaintiff demands such recovery of damages in an amount to be determined by the trier of fact, a jury of his peers.

## COUNT THREE:
### PRODUCT LIABILITY – FAILURE TO PROVIDE
### ADEQUATE WARNINGS AND INSTRUCTIONS

51. The Plaintiff re-asserts and re-alleges each and every allegation contained in paragraphs 1-36 of this Complaint.

52. Plaintiff asserts product liability claim(s) of defect for failure to provide adequate warnings and instructions against the Defendants pursuant to Mississippi Code Annotated §11-1-63, the Mississippi Products Liability Act (MPLA).

53. As alleged in the preceding paragraphs, the subject product was defective because the subject product failed to contain adequate warnings or instructions.

54. As alleged in the preceding paragraphs, the defective condition(s) rendered the subject product unreasonably dangerous to the user or consumer, including Plaintiff.

55. As alleged in the preceding paragraphs, the defective and unreasonably dangerous condition(s) of the subject product proximately caused the damages to Plaintiff for which recovery is sought.

56. As alleged in the preceding paragraphs, the Defendants do not meet the factual or legal prerequisites for any defense or immunity which would shield them from liability under the MPLA for Plaintiff's harm caused by the failure to provide adequate warnings and instructions.

57. Plaintiff is thus entitled to recovery of damages from Defendants under a theory of product liability defect for failure to provide adequate warnings and instructions under the MPLA, and Plaintiff demands such recovery of damages in an amount to be determined by the trier of fact, a jury of his peers.

## COUNT FOUR:
## PRODUCT LIABILITY – BREACH OF EXPRESS WARRANTY
## OR BREACH OF EXPRESS FACTUAL REPRESENTATIONS

58. The Plaintiff re-asserts and re-alleges each and every allegation contained in paragraphs 1-36 of this Complaint.

13

59. Plaintiff asserts product liability claim(s) for breach of express warranty or breach of express factual representation against the Defendants pursuant to Mississippi Code Annotated §11-1-63, the Mississippi Products Liability Act (MPLA).

60. As alleged in the preceding paragraphs, the subject product breached an express warranty or failed to conform to other express factual representations upon which the claimant justifiably relied in electing to use the product.

61. As alleged in the preceding paragraphs, the defective condition(s) rendered the subject product unreasonably dangerous to the user or consumer, including Plaintiff.

62. As alleged in the preceding paragraphs, the defective and unreasonably dangerous condition(s) of the subject product proximately caused the damages to Plaintiff for which recovery is sought.

63. As alleged in the preceding paragraphs, the Defendants do not meet the factual or legal prerequisites for any defense or immunity which would shield them from liability under the MPLA for Plaintiff's harm caused by the breach of express warranty or breach of express factual representation.

64. Plaintiff is thus entitled to recovery of damages from Defendants under a theory of product liability breach of express warranty or breach of express factual representation under the MPLA, and Plaintiff demands such recovery of damages in an amount to be determined by the trier of fact, a jury of his peers.

## COUNT FIVE:
## BREACH OF IMPLIED WARRANTY OF FITNESS
## FOR A PARTICULAR PURPOSE

65. The Plaintiff re-asserts and re-alleges each and every allegation contained in paragraphs 1-36 of this Complaint.

14

66. Plaintiff asserts the common law claim of breach of implied warranty of fitness for a particular purpose against the Defendants.

67. The Defendants, as sellers of the subject product, had actual or constructive knowledge of the Plaintiff buyer's particular purpose for purchasing the subject product, which in this case was for purposes of use as a rechargeable flashlight / work light.

68. The Plaintiff buyer relied on the Defendant sellers' skill or judgment to select suitable product(s) to market and sell for that purpose.

69. The subject product purchased by Plaintiff buyer was unfit for the particular purpose.

70. Plaintiff is thus entitled to recovery of damages from Defendants under a theory of common law breach of implied warranty of fitness for a particular purpose, and Plaintiff demands such recovery of damages in an amount to be determined by the trier of fact, a jury of his peers.

## COUNT SIX:
## EQUITABLE RELIEF

71. The Plaintiff re-asserts and re-alleges each and every allegation contained in paragraphs 1-36 of this Complaint.

72. Plaintiff seeks all equitable relief, by whatever remedy or theory, available under the power of this Honorable Court to require Defendant(s) to compensate Plaintiff, in whole or in part, for the damages Plaintiff sustained as a result of Defendant(s)' conduct. and, for such other relief whether general or specific as the Court deems proper.

## COUNT SEVEN:
## COMMON LAW NEGLIGENCE AND GROSS NEGLIGENCE

73. The Plaintiff re-asserts and re-alleges each and every allegation contained in paragraphs 1-36 of this Complaint.

15

74. Plaintiff explicitly asserts and preserves all common law claims of negligence and gross negligence which are not subsumed by the Mississippi Code Annotated §11-1-63, the Mississippi Products Liability Act (MPLA).

75. Defendant(s) had a general common law duty to act as reasonable and prudent designer(s), manufacturer(s), marketer(s), and/or seller(s) would have acted under the same or similar circumstances with the regard to the design, manufacturing, marketing, warnings and instructions, and/or express warranty or express representations for the subject product.

76. Defendant(s) breached the general duty they owed to Plaintiff by selling Plaintiff the subject product with design defect(s), manufacturing defect(s), marketing defect(s), warning defect(s), and/or which breached the express warranty or express representations for the subject product.

77. The breach of those general duties directly and proximately caused injury to plaintiff.

78. Plaintiff has suffered damages as a result.

79. The actions and/or omissions on the part of Defendants constituting negligence, as described more particularly, above, evidence a willful, wanton, or reckless disregard for the safety of others such as to equate to gross negligence.

80. Plaintiff is thus entitled to recovery of damages from Defendants under common law theories of negligence and gross negligence, and Plaintiff demands such recovery of damages in an amount to be determined by the trier of fact, a jury of his peers.

## COUNT EIGHT:
## CIVIL FRAUD

81. The Plaintiff re-asserts and re-alleges each and every allegation contained in paragraphs 1-36 of this Complaint.

82. Defendant(s) made express and implied representations to Plaintiff about the subject product.

16

83. Certain representations Defendant(s) made to Plaintiff about the subject product were false including, but not limited to, the fitness of the product for its intended purpose and the unreasonable danger the product posed to consumers such as Plaintiff.

84. The false representations were material.

85. Defendant(s) knew those representations were false or had ignorance of the truthfulness of those representations.

86. Defendant(s) intended for consumers such as Plaintiff to act upon those representations and in the manner reasonable contemplated, by buying the subject product.

87. Plaintiff did not know the representations were false at the time he relied upon them.

88. Plaintiff did in fact rely upon the representations being true.

89. Plaintiff had a right to rely upon the representations of the Defendant(s).

90. Plaintiff was harmed as a direct and proximate result of his reliance upon the representations of the Defendant(s).

91. Plaintiff is thus entitled to recovery of damages from Defendants under common law theories of civil fraud, and Plaintiff demands such recovery of damages in an amount to be determined by the trier of fact, a jury of his peers.

## COUNT NINE:
## NEGLIGENT MISREPRESENTATION

92. The Plaintiff re-asserts and re-alleges each and every allegation contained in paragraphs 1-35 of this Complaint.

93. Defendant(s) made express and implied misrepresentation(s) or omission(s) of a fact to Plaintiff about the subject product.

94. The representation or omission is material or significant.

17

95. Defendants failed to exercise that degree of diligence and expertise the public is entitled to expect of such persons/entities.

96. Plaintiff reasonably relied upon the misrepresentation or omission.

97. Plaintiff suffered damages as a direct and proximate result of such reasonable reliance.

98. Plaintiff is thus entitled to recovery of damages from Defendants under common law theories of negligent misrepresentation, and Plaintiff demands such recovery of damages in an amount to be determined by the trier of fact, a jury of his peers.

## COUNT TEN:
## CIVIL CONSPIRACY

99. The Plaintiff re-asserts and re-alleges each and every allegation contained in paragraphs 1-35 of this Complaint.

100.    When Defendant(s) sold the subject product to Plaintiff, Walmart and other Defendant(s) had an agreement among themselves to manufacture, market, and sell the subject product despite knowing there were defect(s) in the subject product which made it unfit for its intended purpose and unreasonably dangerous to consumers such as Plaintiff, knowing that consumers such as Plaintiff were expressly and implicitly subjected to misrepresentations and omissions about the fitness of purpose and safety of the subject product, knowing that consumers such as Plaintiff would rely upon the misrepresentations and omissions, and knowing that consumers such as Plaintiff could in turn be harmed by the subject product.

101.    The ongoing agreement among the Defendant(s) was therefore to accomplish an unlawful purpose or a lawful purpose unlawfully.

102.    Defendant(s) committed overt act(s) in furtherance of the conspiracy by continuing to manufacture, market, and sell the subject product to consumers, including Plaintiff.

103.    Plaintiff suffered damages as a direct and proximate result.

18

104.    Plaintiff is thus entitled to recovery of damages from Defendants under common law theories of civil conspiracy, and Plaintiff demands such recovery of damages in an amount to be determined by the trier of fact, a jury of his peers

## COUNT ELEVEN:
## DECLARATORY JUDGMENT THAT ANY STATUTORY CAP
## ON PLAINTIFF'S RECOVERY FOR ECONOMIC, NON-ECONOMIC,
## OR PUNITIVE DAMAGES IS UNCONSTITUTIONAL OR UNENFORCEABLE

105.    Plaintiff adopts and incorporates by reference herein the allegations contained in the foregoing paragraphs.

106.    Plaintiff requests this Honorable Court enter an order for declaratory judgment finding and declaring that Miss. Code Ann. § 11-1-60 (Rev. 2004), the statutory cap of $1,000,000 on non-economic damages, is unconstitutional or otherwise unenforceable.

107.    Plaintiff requests this Honorable Court enter an order for declaratory judgment finding and declaring that Miss. Code Ann. § 11-1-65 (Rev. 2004), the statutory cap on punitive damages, is unconstitutional or otherwise unenforceable.

## PUNITIVE DAMAGES REQUESTED

108.    Plaintiff adopts and incorporates by reference herein the allegations contained in the foregoing paragraphs.

109.    Plaintiff affirmatively asserts that the conduct of Defendants shows a willful, wanton, or reckless disregard for the safety of others, thus justifying the imposition of punitive damages to punish the defendants and deter similar misconduct in the future by these defendants and others in the same or similar circumstances.

110.    Plaintiff accordingly requests an award of punitive damages in an amount to be determined by the trier of fact, a jury of his peers.

19

## ALL CAUSES OF ACTION PRESERVED

111.    Plaintiff adopts and incorporates by reference herein the allegations contained in the foregoing paragraphs.

112.    Plaintiff expressly reserves and asserts all causes of action stated herein as applying to any unknown defendants who may be later identified.

113.    Plaintiff expressly reserves any and all causes of action to which Plaintiff may be entitled at the time of filing this complaint against any defendant, known or unknown, and any and all causes of action which may become known to Plaintiff during discovery in this matter.

## JURY TRIAL REQUESTED

114.    Plaintiff respectfully demands trial by jury of all counts in this action.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, KEVIN YANCY, prays for a judgment of and from the Defendants, jointly and severally, in an amount to be determined by the trier of fact to include economic, noneconomic and punitive damages plus costs of court and other expenses to be determined by the trier of fact, as allowed by law, and for such other and further relief as the Court may deem just and proper in the circumstances.

RESPECTFULLY SUBMITTED, this the 3rd day of July 2023.

RESPECTFULLY SUMBITTED,
KEVIN YANCY, PLAINTIFF

BY: _____
BRADFORD K. MORRIS, MSB# 104017
Attorney for Plaintiff

OF COUNSEL:
BRAD MORRIS LAW FIRM PLLC
1603 UNIVERSITY AVE
POST OFFICE BOX 2136
OXFORD, MS 38655-2136
Phone: 662-701-0909
Email: brad@bradmorrislawfirm.com

20